**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GHASSAN DANNAOUI, et al.,

    Plaintiffs,

v.                                                               Case No. 04-CV-72261-DT

SE CORPORATION OF MICHIGAN A/K/A SE
CORP. MICHIGAN, et al.,

    Defendants.
                                           /

**ORDER GRANTING IN PART PLAINTIFFS' "MOTION TO ENFORCE SETTLEMENT
AGREEMENT AND FOR SANCTIONS"**

Pending before the court is Plaintiffs' "Motion to Enforce Settlement Agreement and For Sanctions." For the reasons stated below, the court will grant Plaintiffs' motion as to Defendant SE Corporation of Michigan and will award Plaintiff their costs and attorneys fees in bringing this motion.

**I. BACKGROUND**

On June 3, 2005, Plaintiffs filed their "Motion to Enforce Settlement Agreement and For Sanctions." In their motion, Plaintiffs aver that "pursuant to the settlement agreement [entered into between the parties], . . . Defendants SE Corporation of Michigan and Fawzi Simon agreed that they would pay to Plaintiffs the sum of $20,000.00 which was a return of a $20,000.00 deposit paid by . . . Plaintiffs to . . . Defendant SE Corporation of Michigan and Fawzi Simon for fuels purchased from Shell."  (Pls.' Mot. at ¶ 3.)  Plaintiffs assert that "Defendant SE Corporation of Michigan and Fawzi Simon represented that they would pay the sum of $20,000.00 to . . .

Plaintiffs upon receipt of the monies from Shell." (*Id.* at ¶ 4.) Plaintiffs further contend that "on or about March 15, 2005, Plaintiffs received a letter from Shell's attorney indicating that Shell did not receive $20,000.00 from Defendants SE Corporation of Michigan [n]or Fawzi Simon as a deposit for receiving fuels." (*Id.* at ¶ 5.) Plaintiffs assert that they have "made numerous demands both in writing and over the telephone to . . . Defendants' attorneys for the $20,000.00 and that . . . Defendants have wrongfully failed to pay the $20,000.00 to . . . Plaintiffs as agreed to in the settlement agreements." (*Id.* at ¶ 6.) On October 29, 2004, the court issued an order dismissing the case after having been "advised by counsel that the . . . action ha[d] been settled." (10/29/04 Order at 1.)

## II.  STANDARD

"It is well established that courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them." *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992) (quoting *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988)). The district court's power to summarily enforce settlements extends to cases where the parties' agreements are not in writing and even to those settlement agreements made off the record, not in the presence of the court. *Bowater N. Am. Corp. v. Murray Mach., Inc.*, 773 F.2d 71, 76-77 (6th Cir. 1985); *Kukla v. Nat'l Distillers Prods., Co.*, 483 F.2d 619, 621 (6th Cir. 1973) ("[T]he power of a trial court to enforce a settlement agreement has been upheld even where the agreement has not been arrived at in the presence of the court nor reduced to writing."). This inherent power derives from the policy favoring the settlement of disputes and the

2

avoidance of costly and time-consuming litigation. *Kukla*, 483 F.2d at 621.

"Agreements settling litigation are solemn undertakings, invoking a duty upon the involved lawyers, as officers of the court, to make every reasonable effort to see that the agreed terms are fully and timely carried out." *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1976). As such, courts should uphold settlements whenever equitable and policy considerations allow. *See id.*

To enforce a settlement, a district court must conclude that agreement has been reached on all material terms. *Re/Max Int'l, Inc.*, 271 F.3d at 645-46; *Brock*, 841 F.2d at 154. "The intent of the parties when entering a settlement agreement is an issue of fact to be decided by the district court." *Brown v. County of Genesee*, 872 F.2d 169, 174 (6th Cir. 1989) (citing *Jennings v. Metro. Gov't of Nashville*, 715 F.2d 1111, 1114 (6th Cir. 1983)). Summary enforcement is appropriate "where no substantial dispute exists regarding the entry into and the terms of an agreement." *Re/Max Int'l, Inc.*, 271 F.3d at 646. When making factual findings regarding the material terms of a settlement agreement, the district court is not required to adhere strictly to the requirements of Federal Rule of Civil Procedure 52. *Bowater N. Am. Corp.*, 773 F.2d at 77. If the parties reached agreement on all material terms, then existing precedent "dictates that only the existence of fraud or mutual mistake can justify reopening an otherwise valid settlement agreement." *Brown*, 872 F.2d at 174. More importantly, once a settlement is reached, it is the party challenging the settlement who bears the burden to show that the settlement contract was invalid based on fraud or mutual mistake. *Id.* (citing *Callen v. Pennsylvania R. Co.,* 332 U.S. 625, 630 (1948)).

### III.  DISCUSSION

No defendant has responded to Plaintiffs' motion and Plaintiffs have presented uncontroverted evidence that Defendant SE Corporation of Michigan agreed to "make [a] refund check in the amount of $20,000.00 payable to Dannaoui Brothers Enterprises, Inc. and to forward the same [to] Steven T. Kiousis at the above address."  (Pls.' Mot. at Ex. 2.)  Plaintiffs have not, however, proffered any evidence at this point showing that Defendant Simon was similarly obligated. The court expresses no opinion at this time as to Simon's obligations based upon a further showing by Plaintiffs.

### IV.  CONCLUSION

IT IS ORDERED that Plaintiffs' "Motion to Enforce Settlement Agreement and For Sanctions" [Dkt. # 15] is GRANTED IN PART and Defendant SE Corporation of Michigan is ORDERED to forthwith pay Plaintiffs the sum of $20,000.  If such sum is not received by Plaintiffs by August 1, 2005, Plaintiffs are directed to shortly thereafter file a motion seeking to hold Defendant Corporation in contempt of court.

Plaintiffs are further ORDERED forthwith to submit to the court a stipulated bill of costs or a proposed bill of costs for the court's review and approval.

     S/Robert H. Cleland  
     ROBERT H. CLELAND  
     UNITED STATES DISTRICT JUDGE

Dated:  July 22, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 22, 2005, by electronic and/or ordinary mail.

     S/Lisa G. Teets  
     Case Manager and Deputy Clerk  
     (313) 234-5522